UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL S. O., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C19-6203-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to discuss Global Assessment of Functioning ("GAF") scores contained within his mental health treatment notes, rendering deficient the ALJ's residual functional capacity ("RFC") assessment. (Dkt. # 8 at 1-3.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.   BACKGROUND

Plaintiff was born in 1980, has a GED, and has worked as a roofing laborer and pipe fabricator. AR at 39, 195. Plaintiff was last gainfully employed in June 2017. *Id*. at 195.

ORDER - 1

In June 2017, Plaintiff applied for benefits, alleging disability as of June 7, 2017. AR at 160-63. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 94-96, 100-08. After the ALJ conducted a hearing in December 2018 (*id*. at 32-68), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 16-27.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step two: Plaintiff's major depressive disorder with anxiety and lumbar spondylosis are severe impairments.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

RFC: Plaintiff can perform sedentary work with additional limitations: he can never climb ladders, ropes or scaffolds, and can never crawl. He can frequently climb ramps and stairs, and occasionally stoop, crouch, and balance. He cannot have more than occasional exposure to extreme cold/vibrations and hazards such as unprotected heights and dangerous machinery. He can perform simple, routine, or unskilled tasks and can have superficial contact with the public (defined as public contact as part of the job duties).

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 16-27.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

## III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

Plaintiff assigns error to the ALJ's failure to explicitly discuss GAF scores assessed by Plaintiff's counselors. *See* AR at 378 (July 2017 GAF score of 45), 507 (October 2017 GAF score of 45), 587 (March 2018 GAF score of 45). A GAF score between 41 and 50 reflects "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting)" or "any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)[.]" Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000). Plaintiff argues that because the ALJ's RFC assessment does not include limitations that reflect

ORDER - 3

problems keeping a job, the ALJ's RFC assessment was not consistent with the GAF scores of 45, and therefore, the ALJ was required to explicitly address them. (Dkt. # 8 at 3-4.)

This argument is not persuasive because the clinicians who assessed GAF scores of 45 did not explain the basis for these scores and did not identify specific functional limitations inconsistent with the ALJ's RFC assessment. AR at 378, 507, 587. These bare, unexplained GAF scores alone do not constitute significant, probative evidence that the ALJ was required to discuss. *See Harris v. Berryhill*, 738 Fed. App'x. 529, 530-31 (9th Cir. 2018) ("Because the GAF scale does not have a direct correlation to the severity requirements of the mental health listings and [plaintiff's] GAF scores were not accompanied by explanations of the scores' impact on [plaintiff's] functional limitations, the ALJ was not required to discuss the scores.").

Moreover, the ALJ's RFC assessment reflects significant mental limitations in that Plaintiff was found to be limited to performing simple, routine, unskilled tasks, with only superficial contact with the public. *See* AR at 20. An RFC that is compatible with the ability to perform work is not necessarily inconsistent with a GAF score of 45. *See, e.g.*, *Zerba v. Comm'r of Social Sec. Admin.*, 279 Fed. App'x. 438, 439 (9th Cir. 2008) (finding a GAF score of 45 to be not necessarily inconsistent with a finding that a plaintiff's depression was not severe); *Lehman v. Berryhill*, 2017 WL 4415752, at *11 (D. Or. Jul. 25, 2017) (finding no error where an ALJ failed to discuss a GAF score of 45 because other evidence in the record suggested Plaintiff retained the ability to work); *Olsen v. Comm'r of Social Sec. Admin.*, 2016 WL 4770038, at *4-5 (D. Or. Sept. 12, 2016) (finding no error where an ALJ failed to discuss a GAF score of 45 because the ALJ's RFC assessment accounted for many mental limitations and the GAF score does not necessarily suggest any particular functional limitations relevant to the ALJ's inquiry).

The Court therefore agrees with the Commissioner (dkt. # 9 at 3-4) that Plaintiff has failed to show that the ALJ's RFC assessment is necessarily inconsistent with the GAF scores of 45.

Because Plaintiff has failed to show that the GAF scores constitute significant, probative evidence that the ALJ was required to discuss, or that the GAF scores are necessarily inconsistent with the ALJ's RFC assessment, Plaintiff has failed to meet his burden to show harmful error in the ALJ's failure to explicitly discuss the GAF scores.

### V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 2nd day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge